IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ROSAS AGUILAR, as successor in interest to Sergio Rosas Aguilar; ALICE ROSAS AGUILAR, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF FRESNO, CALIFORNIA; ERNEST SERRANO, an individual, <br><br> Defendants. | CV F 08-1202 AWI GSA <br><br> MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS <br><br> Document # 6 |

      This is an action for damages by plaintiff Alice Rosas Aguilar ("Plaintiff") in her individual capacity and as successor in interest to Sergio Rosas Aguilar ("Decedent") against Ernest Serrano ("Serrano"), a law enforcement officer of the County of Fresno, and against the County of Fresno (collectively, "Defendants"). This action arises from the shooting death of Decedent by Serrano, a shooting that was carried out in the normal course and scope of Serrano's employment. Plaintiff's complaint alleges claims for relief under 42 U.S.C. § 1983 and under California common law. In the instant motion Defendants move for partial summary judgment as to County of Fresno's liability under federal law and as to Fresno County's liability under the California common law claims. Federal subject matter jurisdiction exists pursuant to 28 U.S.C., section 1331. Supplemental jurisdiction over

California state law claims exists pursuant to 28 U.S.C., section 1367. Venue is proper in this court.

## PROCEDURAL HISTORY AND ALLEGED FACTS

The complaint in this action was filed on August 15, 2008. The complaint alleges that Decedent was a manager for a vineyard in Fresno, California. On the night of May 17, 2008, Decedent was sitting in his pickup truck in the vineyard about 100 yards from the house, preparing to turn off the irrigation water to a portion of the vineyard. Serrano entered the property without a warrant or any legal justification. Serrano did not contact anyone in the house, but drove around the property until he encountered the truck in which Decedent was sitting. Serrano ordered Decedent out of the truck. Despite the fact Decedent was unarmed and was not a suspect in any crime, Serrano began firing at Decedent. Decedent was hit by the initial rounds fired by Serrano and was disabled. Serrano continued to fire his weapon at Decedent, killing him.

Plaintiff's first claim for relief is against Serrano only pursuant to 42 U.S.C. section 1983 for violation of Decedent's Fourth and Fourteenth Amendment rights. Plaintiff's first claim for relief seeks compensatory and exemplary and punitive damages. Plaintiff's second claim for relief is against County of Fresno pursuant to 42 U.S.C. section 1983 for violation of Decedent's rights under the Fourth and Fourteenth Amendments that occurred as a result of Fresno County's departmental policies and training and supervision of Serrano. Plaintiffs third, fourth and sixth claims for relief allege California common law claims for assault and battery, negligence and wrongful death, respectively, against all Defendants. Plaintiff's fifth claim for relief alleges negligent training and supervision under California common law against defendant County of Fresno only.

Defendants' motion to dismiss was filed on September 15, 2008. Plaintiff's opposition was filed on October 3, 2008. Defendants' reply was filed on October 10, 2008, and the hearing on the motion, which was scheduled for October 20, 2008, was vacated and the matter was taken under submission as of that date.

**LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

**DISCUSSION**

**I. First Claim for Relief – Section 1983 Claim Against Serrano**

Plaintiff's claim pursuant to section 1983 is based on violation of both Fourth and Fourteenth Amendments. Defendants' motion does not challenge Plaintiff's 1983 claim based on the allegation of violation of Plaintiff's Fourth Amendment rights. Rather, Defendants' contention is that Plaintiff has not pled facts sufficient to state a claim under either Fourteenth Amendment procedural due process or substantive due process.

In her opposition to Defendants' motion to dismiss, Plaintiff clarifies that the substantive violation that is the subject of the first claim for relief is a violation of the Fourth Amendment "'which is made applicable to the States by the Fourteenth Amendment.' Maryland v. Pringle, 540 U.S. 366, 369 (2003)" Doc. # 8 at 2:8. Plaintiff contends she is not asserting a Fourteenth Amendment substantive due process claim, but rather is merely applying the allegation of violation of Fourth Amendment rights to the state actors involved

3

in this case through the procedural due process clause of the Fourteenth Amendment. Plaintiff alleges she did not allege or intend to allege a Fourteenth Amendment substantive due process claim.

While the Fourteenth Amendment confers both procedural and substantive due process rights, Armendariz v. Penman, 75 F.3d 1311, 1318 (9th Cir. 1996), the substantive due process rights – that is, the rights pertaining to personal liberty interests – that are reached by the Fourteenth Amendment are restricted to those rights that are "deeply rooted in this Nation's history and tradition." Moore v. East Cleveland, 431 U.S. 494, 503 (1977). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular source of government behavior, 'that amendment, not the more generalized notion of substantive due process' must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Grahm v. Connor, 490 U.S. 386, 395 (1989). As this court has observed, the Albright Court specifically held that "where the Fourth Amendment is the source of the limitations on the type of conduct challenged by a plaintiff's claims, rather than the more general substantive due process protections guaranteed by the Fourteenth Amendment, must govern the plaintiff's claim." Martin v. City of South Lake Tahoe, 2007 WL 2176372 (E.D. Cal. 2007).

In a case, such as the one at bar, which involves the use of deadly force by a police officer, the court must determine the applicability of Fourth Amendment protections by isolating the precise constitutional violation with which the defendant is charged. Graham v. Connor, 490 U.S. 386, 394 (1989). Where an excessive force claim arises in the context of an arrest or investigatory stop, it most often invokes the protection of the Fourth Amendment. Id. However, when a free citizen is denied his or her constitutional right to life through means other than a law enforcement official's arrest, investigatory stop or other seizure, Graham arguably preserves a substantive due process claim. See County of Sacramento v. Lewis, 523 U.S. 833, 844-845 (1988).

Taking Plaintiff's allegations as set forth in the complaint as true and construing them in Plaintiff's favor, the court must conclude that Serreno drove onto vineyard property

without cause or warrant, drove to where Decedent was parked, told Decedent to get out of the truck and then shot him. A seizure is a "governmental termination of freedom of movement through means intentionally applied," <u>Jensen v. City of Oxnard</u>, 145 F.3d 1078, 1083 (9th Cir.1998) (internal quotation marks and citation omitted), and occurs "whenever [an officer] restrains the individual's freedom to walk away." <u>Robins v. Harum</u>, 773 F.2d 1004, 1009 (9th Cir.1985). An intentional shooting by a police officer constitutes a seizure for purposes of the Fourth Amendment. <u>Jensen</u>, 145 F.3d at 1078. According to the complaint, the shooting was intentional and Decedent was disabled by the first volley of shots. The court therefore finds Decedent was seized within the meaning if the Fourth Amendment at the time he was shot.

Since the allegation in Plaintiff's first claims for relief concerns a seizure within the meaning of the Fourth Amendment, the adequacy of Plaintiff's first claim for relief to state a claim is based on the Fourth Amendment reasonableness standard. Defendants' contention that Plaintiff's first claim for relief fails to set forth facts sufficient to support a Fourteenth Amendment procedural due process violation is plainly without merit. Defendants correctly contend Plaintiff must allege facts that, if proven, would show (1) a liberty or property interest protected by the Constitution; (2) a depravation of that interest by the Government; and (3) lack of due process of law with regard to that depravation. <u>Write v. Riverland</u>, 219 F.3d 905, 913 (9th Cir. 2000). The facts of the case as set forth in the complaint allege (1) Plaintiff had a liberty interest protected by the Constitution against unreasonable searches and seizures; (2) there was a depravation of that protected interest when Plaintiff was seized as a result of Serrano's shooting; and (3) the shooting was without reasonable suspicion or probable cause.

The court finds Plaintiff's first claim for relief adequately sets forth facts that, if proven, are sufficient to state a claim pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth and Fourteenth Amendment procedural due process rights. Defendants' motion to dismiss will therefore be denied as to Plaintiff's first claim for relief. To fully clarify any ambiguity in Plaintiff's first claim for relief, the claim will be dismissed to the extent there is

5

any intent to state a Fourteenth Amendment claim for substantive due process violation.

**II. County of Fresno's Liability With Regard to Plaintiff's Common Law Claims**

Plaintiff's third, fourth and sixth claims for relief allege California common law claims of assault and battery, negligence and wrongful death, respectively, against all Defendants. Plaintiff's Fifth claim for relief is also alleged pursuant to California common law against County of Fresno only for negligent training and supervision. Plaintiff does not oppose Defendants' motion to dismiss with respect to Plaintiff's fifth claim for relief. The court will therefore grant dismissal of that claim without further analysis.

With regard to Plaintiff's third, fourth and sixth claims for relief, Defendants base their motion to dismiss on California Government Code section 815(a) which provides that a public entity is not liable for an injury "[e]xcept as otherwise provided by statute." Defendants note that applicable law defines both negligence and assault and battery in terms of acts committed by a defendant against a plaintiff. Defendants reason that the applicable law does not authorize Plaintiff's claim against County of Fresno because County of Fresno did not commit the assault and did not commit the alleged acts that amount to negligence. With respect to Plaintiff's claim for wrongful death, Defendants contend Plaintiff's claim for relief fails to state a claim with respect to County of Fresno because wrongful death is defined as a wrongful or negligent act of one or more persons causing death the death of another person and County of Fresno is not a person for within the meaning of this law.

As this court has noted, "California Government Code section 815.2 'makes a public entity vicariously liable for its employees negligent acts or omissions within the scope of employment.' [Citation.]" Megargee v. Whittman, 550 F.Supp.2d 1190, 1210 (E.D. Cal. 2008) (citing Eastburn v. Reg'l Fire Prot. Auth., 31 Cal.4th 1175, 1180 (2003)). This vicarious liability is applicable to government entities whose police officers' actions in the course and scope of their employment constitute excessive force or assaultive conduct. Mary M. v. City of Los Angeles, 54 Cal.3d 202, 215 (1991). Thus, Government Code section 815(a) does not prevent liability against County of Fresno to the extend that County of Fresno's employee, Serrano, is found liable for negligence, assault and battery or wrongful

6

death.  Government Code 815.2 provides[1] County of Fresno will be vicariously liable for those acts for which Serrano is found liable by the trier of fact.

Defendants cite Munoz v. City of Union City, 120 Cal.App.4th 1077 (1st Dist. 2004) for the proposition that an allegation of direct liability against a public entity must be based on a specific statute declaring them liable.  Id. at 1111.  In Munoz, the plaintiff alleged two claims against the municipality, one for direct negligence and one for respondeat superior.  Id. at 1112.  The Munoz court reversed the trial court's finding of *direct* liability as to the municipality, but did not disturb the trial court's ruling with respect to vicarious liability.  Id. at 114-114.

In essence Defendants contend Plaintiff's third, fourth and sixth claims for relief are claims for *direct* liability and that Plaintiff has failed to allege any acts or statutes under which County of Fresno could be found *directly* liable.  Defendants are correct in that the language of Plaintiff's third and fourth claims for relief allege direct liability with respect to Serrano.  Plaintiff's opposition to Defendants' motion to dismiss makes it clear that Plaintiff's theory of liability with respect to County of Fresno's state common law claims is that County of Fresno is vicariously liable, not directly liable.  Thus the question at the center of Defendants' challenge to Plaintiff's claim for relief against County of Fresno in Plaintiffs third, fourth and sixth claims for relief is not whether Plaintiff has pled facts sufficient to show County of Fresno's direct liability, it is whether Plaintiff has adequately pled vicarious liability.  In this regard Munoz is not helpful to Defendants' because the Plaintiff in Munoz

---

[1] California Government Code section 815.2 Provides:

(a) A public entity is liable for injury proximately caused by an act or omission of an employee if the public entity within the scope of his employment if the act or omission would, apart from this section , have given rise to a cause of action against that employee or his personal representative.

(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

7

separately pled a claim for vicarious liability against the entity defendant which was not addressed by the court.

"[I]n California all government tort liability is dependent on the existence of an authorizing statute or 'enactment,' [citations], and to state a cause of action every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of statutory duty. [Citation.]" Searcy v. Hemet Unified School Dist., 177 Cal.App.3d 792, 802 (4th Dist. 1986) (citing *inter alia* Cal. Gov. Code §§ 815(a), 815.6; Tolan v. State of California ex rel. Dept. Transp., 100 Cal.App.3d 980, 983 (1979); Susman v. City of Los Angeles, 269 Cal. App.2d 803, 809 (1969)). While the burden of pleading with particularity is not burdensome in this case – Plaintiff need only plead that Serrano was acting in the course and scope of his employment and that County of Fresno is vicariously liable pursuant to California Government Code section 815.2 – Plaintiff has not met that burden. County of Fresno is therefore entitled to dismissal as to Plaintiff's third, fourth and sixth claims for relief.

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). As previously noted, Plaintiff's deficient claims for relief against County of Fresno with respect to Plaintiff's third, fourth and sixth claims for relief can be easily remedied. Leave to amend will therefore be granted.

THEREFORE, in accordance with the foregoing discussion, it is hereby ORDERED that

1. Defendants' motion to dismiss Plaintiffs' first claim for relief pursuant to 42 U.S.C. § 1983 for violation of Decedent's Fourteenth Amendment procedural due process rights is hereby DENIED. To the Plaintiff's first claim for relief could be construed to state a claim pursuant to 42 U.S.C. § 1983 for violation of Decedent's Fourteenth

        Amendment substantive due process rights, that claim is DISMISSED.

2.    Defendants' motion to dismiss Plaintiff's fifth claim for relief against County of Fresno for negligent hiring, training and supervision is hereby GRANTED as unopposed.

3.    Defendants' motion to dismiss Plaintiff's third, fourth and sixth claims for relief as to County of Fresno only is GRANTED.

4.    Leave to amend the complaint is hereby Granted.  Plaintiff may file and serve an amended complaint not later than two (2) weeks from the date of service of this order.

IT IS SO ORDERED.

**Dated:   October 21, 2008**              **/s/ Anthony W. Ishii**
                                                      CHIEF UNITED STATES DISTRICT JUDGE