# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ROSAS AGUILAR, as successor in interest to Sergio Rosas Aguilar; ALICE ROSAS AGUILAR, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF FRESNO, CALIFORNIA, a political subdivision of the State of California; ERNEST SERRANO, an individual,<br><br>    Defendants. | 1:08-cv-1202 AWI GSA<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Discovery Deadlines:<br>  Initial Disclosures: December 31, 2008<br>  Non-Expert: May 29, 2009<br>  Expert Disclosures : June 5, 2009<br>  Supp. Expert Discl : June 26, 2009<br>  Expert Discovery : July 30, 2009<br><br>Motion Deadlines:<br>  Non-Dispositive: August 21, 2009<br>  Dispositive: October 2, 2009<br><br>Settlement Conference:<br>  August 10, 2009 at 10:30 a.m.<br>  Courtroom 10 (GSA), 6th Floor<br><br>Pre-Trial Conference:<br>  December 10, 2009 at 8:30 a.m.<br>  Courtroom 2 (AWI), 8th Floor<br><br>Trial: February 10, 2010, at 8:30 a.m.<br>  Courtroom 2 (AWI), 8th Floor<br>  10-15 Days<br>  Jury Trial |

**I.     Date of Scheduling Conference**

December 17, 2008.

///

1

**II.     Appearances of Counsel**

Louis Shoch appeared telephonically on behalf of Plaintiff Alice Rosas Aguilar. ("Plaintiff").

Jim Weakley appeared personally on behalf of Defendants County of Fresno and Ernest Serrano. ("Defendants").

**III.    The Pleadings**

**1.    Plaintiff's Factual Contentions**

On the night of May 17, 2008, Mr. Rosas Aguilar was sitting in his pickup truck on the private property, approximately 100 yards from the house, preparing to turn off the water that was irrigating an area of the vineyard. While Mr. Rosas Aguilar was sitting in his truck, Fresno County Sheriff's Deputy Ernest Serrano entered this private property. Deputy Serrano drove around the property and ultimately encountered the truck. Deputy Serrano ordered Mr. Rosas Aguilar out of the truck, and then began shooting his firearm at Mr. Rosas Aguilar. After hitting and disabling Mr. Rosas Aguilar with the initial bullets, the deputy sheriff continued firing his weapon at Mr. Rosas Aguilar. Sergio Rosas Aguilar died as a result of his gunshot wounds.

**2.    Defendants' Factual Contentions**

On May 17, 2007, at approximately 10:12 p.m., an unidentified caller placed a 911 call from their cellular phone, but hung up before speaking to dispatch. Dispatch attempted to return the call, but no one answered. Deputy SERRANO was dispatched to Cedar Avenue just south of Central Avenue. While driving to this location, Deputy SERRANO was flagged down at 4203 South Cedar by a gentleman that confirmed he had made the 911 call from his cellular phone. The gentleman told Deputy SERRANO that a suspicious vehicle had driven down a dirt road into a vineyard. Deputy SERRANO drove into the vineyard approximately 300 to 400 feet.

Upon arriving at the scene, Deputy SERRANO discovered a black 1993 Chevy S-10 truck. He pulled up behind the truck approximately 15 feet, turned on his spotlight, and called dispatch to run the truck's license plate. Dispatch reported the truck being registered to Manuela

Rocha with an address of 4306 S. Orange in Fresno.  Deputy SERRANO then saw a man, later identified as Sergio Rosas Aguilar (hereinafter collectively referred to as, "Mr. Aguilar" or "Decedent"), emerge from the truck.  Deputy SERRANO immediately ordered Decedent to remain in the truck and he complied.  Mr. Aguilar placed both hands outside the window indicating he was unarmed and proceeded to place his hands back inside the truck.  Deputy SERRANO exited the truck and walked approximately five or six feet south towards Mr. Aguilar to get a better visual of him.  At that point, Mr. Aguilar exited the truck holding a knife with a blade six inches in length in his right hand and a beer in his left hand.  Deputy SERRANO ordered Mr. Aguilar twice to drop the knife.  Mr. Aguilar responded that Deputy SERRANO would have to "[f]ucking kill me".  Holding the knife high above his waist, Mr. Aguilar dropped his beer and continued walking towards Deputy SERRANO.  Fearing for his life, Deputy SERRANO fired his gun five times and shot Mr. Aguilar.  Mr. Aguilar fell to the ground next to the truck.  Deputy SERRANO immediately requested emergency medical assistance and began performing cardiopulmonary resuscitation on Mr. Aguilar until the emergency medical services (hereinafter, "EMS") arrived.  EMS pronounced Mr. Aguilar dead at the scene.

**3. Orders Regarding Amendments to the Pleadings**

The pleadings have already been amended in this case.   Plaintiff's First Amended Complaint was filed on October 24, 2008.  Defendants filed an Answer on November 17, 2008.

**IV.  Factual Summary**

    A.    *Uncontested Facts:*

    1.    Deputy SERRANO shot Mr. Aguilar.

    B.    *Contested Facts:*

Other than the Uncontested Facts listed above, defendants contest all other facts alleged by Plaintiff relating to liability and damages at this time.

5.    **V.**    **Summary of Undisputed and Disputed Legal Issues:**

    A.    *Undisputed Legal Issues*

3

1.    Jurisdiction exists under 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, and 42 U.S.C. §1983;

2.    Venue is proper in this district under 28 U.S.C. §1331(b).

B.   *Disputed Legal Issues*

1.    Whether Plaintiff has standing to sue under the Fourth Amendment;

2.    Whether defendant deputy SERRANO used reasonable force;

3.    Whether defendant deputy SERRANO lawfully entered private property;

4.    Whether defendant deputy SERRANO is entitled to qualified immunity;

5.    Whether defendants violated Plaintiff's constitutional rights under federal law;

6.    Whether defendant deputy SERRANO used deadly force in self defense;

7.    Whether the COUNTY OF FRESNO is vicariously liable for assault and battery;

8.    Whether the COUNTY OF FRESNO can be liable under a respondeat superior; theory for the alleged constitutional violations;

9.    Whether deputy SERRANO was negligent;

10.    Whether deputy SERRANO's conduct fell below the standard of care; and

11.    The nature and extent of Plaintiff's injuries and damages, if any.

**VI.   Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented in writing to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

**VII.   Discovery Plan and Cut-Off Date**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 on or before **December 31, 2008.** The parties are ordered to complete all discovery pertaining to non-experts on or before **May 29, 2009.**

The parties are directed to disclose all expert witnesses, in writing, on or before **June 5, 2009.** The parties also shall disclose all supplemental experts on or before **June 26, 2009**. The

written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **July 30, 2009.** The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

### IV. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **August 21, 2009.** Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than **October 2, 2009**, and heard in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge. In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

### V.   Pre-Trial Conference Date

The pre-trial conference will be held on **December 10, 2009** in Courtroom 2 before the Honorable Anthony W. Ishii. The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Ishii's chambers by emailing it to awiorders@caed.uscourts.gov. The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

### VI.   Trial Date

The trial will be held on **February 10, 2010, at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

    A.   This is a jury trial.

    B.   Parties' Estimate of Trial Time: 10-15 days.

The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285, for preparation of trial briefs.

### VII.   Settlement Conference

A Settlement Conference is scheduled for **August 10, 2008**, **at 10:30 a.m.** in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge. Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards

The Court has indicated that in-house counsel for Defendant need not appear in person at the Settlement Conference, but shall be available by telephone for purposes of the Settlement Conference.

<u>CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT</u>

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers by email to gsaorders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  The parties are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

    A.  A brief statement of the facts of the case.

    B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    C.  A summary of the proceedings to date.

    D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    E.  The relief sought.

---

of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

Should the parties desire an additional settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**VIII.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

The parties have not requested bifurcation but defendants reserve the right to bifurcate punitive damages and Monell issues.

**IX.   Related Matters Pending**

The parties have not identified any related matters.

**X.   Compliance with Federal Procedure**

The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XI.   Effect of this Order**

The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they

are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **December 24, 2008**          **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE