James D. Weakley, Esq.  Bar No. 082853
Maribel Hernandez, Esq.  Bar No. 258689

WEAKLEY, ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California 93710
Telephone: (559) 221-5256
Facsimile: (559) 221-5262

Attorneys for Defendants, COUNTY OF FRESNO and ERNEST SERRANO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ROSAS AGUILAR, as successor in interest to Sergio Rosas Aguilar; ALICE ROSAS AGUILAR, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, CALIFORNIA, a political subdivision of the State of California; ERNEST SERRANO, an individual,<br><br>    Defendants. | CASE NO. 1:08-cv-01202-AWI-GSA<br><br>**AMENDED PROPOSED STIPULATED PROTECTIVE ORDER REGARDING INTERNAL AFFAIRS INVESTIGATION, SCENE PHOTOGRAPHS, AND AUTOPSY REPORTS AND PHOTOGRAPHS**<br>[FRCP 26(c)]<br><br>Complaint Filed: August 15, 2008<br>Trial Date: May 11, 2010 |

COMES NOW, defendants COUNTY OF FRESNO, and ERNEST SERRANO (sued herein as COUNTY OF FRESNO, CALIFORNIA, a political subdivision of the State of California; ERNEST SERRANO, an individual) hereinafter, "defendants," respectfully request this Court enter a Protective Order pursuant to FRCP 26(c).

Plaintiff seeks the discovery of the Internal Affairs Investigation of defendant, ERNEST SERRANO, the autopsy report and autopsy photographs of decedent SERGIO AGUILAR, and the photographs taken at the scene of the officer involved shooting. A Protective Order is needed to protect the discovery of these documents (also refers to photographs) as they are privileged under Evidence Code § 1040, Government Code § 6254, et seq., the official information privilege, and Penal Code § 832.7.

---

Stipulated Protective Order

Defendants believe that the Internal Affairs Investigation, the photographs taken at the officer involved shooting scene, autopsy reports, and autopsy photographs contain information that is: (a) confidential, sensitive, and potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not revealed to the public or third parties and, if disclosed to third parties, would require such third parties to maintain the information in confidence; and (d) privileged. *Pearson v. Miller* (3rd Cir. 2000) 211 F.3d 57, 72.

IT IS HEREBY STIPULATED, by, among, and between the parties hereto, through their counsel of record that the documents described above may be designated as "Confidential" by the defendants and produced subject to the following Protective Order.

Pursuant to FRCP 26(c)(1), the defendants hereby move this Court to limit the disclosure of this material by ordering the following: Upon receiving the Internal Affairs Investigation, the photographs taken at the officer involved shooting scene, autopsy report, and autopsy photographs, the Plaintiff and her respective counsel are to treat such material, including copies of such material, as confidential and are to make no further disclosure of such material, except as provided herein:

1. The disclosed documents shall be used solely in connection with the civil case of *Alice Rosas Aguilar v. County of Fresno, et al.,* Case No. 1:08 CV 01202-AWI-GSA, (E.D. Cal.) and in the preparation and trial of the case, or related proceeding. Neither the Plaintiff nor her attorney(s) may disclose, make copies of, or reveal the contents of such materials for purposes other than for the preparation of this case.

2. The defendants are not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial in this matter.

3. A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential." If any confidential materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

4. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

a) Brian E. Claypool, counsel for Plaintiff, ALICE ROSAS AGUILAR;

b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

c) Vicki I. Sarmiento, counsel for ALICE ROSAS AGUILAR;

d) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (c) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

e) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of this civil action;

f) Any expert, consultant, or investigator retained in connection with this action;

g) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel.

5. Prior to the disclosure of any confidential information to any person identified in paragraph 4, each such recipient of confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further Order of this Court. Plaintiff shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" are given.

6. All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential," that are filed with the court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information:

"This envelope is sealed pursuant to Order of the Court and contains

confidential information filed in this case by [name of party] and is not

to be opened or the contents thereof to be displayed or revealed except

by Order of the Court."

7. The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

8. A party may apply to the Court for an Order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to so applying, the party seeking to reclassify confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order.

9. <u>Procedures For The Production of Copies of Confidential Documents</u>

The following procedures shall be utilized by the parties in production of documents and materials designated "Confidential":

  a) Plaintiff's counsel shall receive one copy of the confidential documents;

  b) Plaintiff's counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source, other than the persons identified in paragraph 4(a) to 4(f), without further Order of the Court or authorization from counsel for the defendants;

  c) If Plaintiff, in good faith, requires additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to counsel for the defendants.

  d) Defendants shall produce documents and material marked "Confidential" to Plaintiff with a red marking on each page labeled:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER FOR BRIAN E. CLAYPOOL, ESQ."and "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER FOR VICKI I. SARMIENTO, ESQ";

e) If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 5 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

10. Notwithstanding the provisions of paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

11. Should any information designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

12. After the conclusion of this litigation, all documents, copies, and materials, in whatever form stored or reproduced, containing confidential information will remain confidential, and if filed with the Court, shall remain under seal. All documents, copies, and materials produced to Plaintiff pursuant to this stipulated Protective Order shall be returned to counsel for the defendants in a manner in which counsel will be able to reasonably verify that all documents, coies, and materials were returned. All parties must also ensure that all persons to whom confidential documents, copies, or materials were disclosed shall be returned to counsel for defendants. The conclusion of this litigation means a termination of the case following trial or settlement.

//

13. No later than 30 days of settlement or of receiving notice of the entry of an Order, judgment, or decree terminating this action, all persons having received the confidential documents, copies, and materials shall return said documents to counsel for the defendants.

14. If any party appeals a jury verdict or Order terminating the case, Plaintiff's counsel shall retain possession of all confidential documents pending final outcome of the appeal after which they shall be returned to counsel for the defendants.

15. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court Order for good cause shown or by the parties' stipulation.

16. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

DATED: March 17, 2009

WEAKLEY, ARENDT & McGUIRE, LLP.

By: /s/ James D. Weakley
James D. Weakley
Attorneys for Defendants, COUNTY OF FRESNO and ERNEST SERRANO

DATED: March 17, 2009

THE CLAYPOOL LAW FIRM

By: /s/ Brian E. Claypool
Brian E. Claypool
Attorneys for Plaintiff, ALICE ROSAS AGUILAR

//
//

| | | |
|---|---|---|
| DATED: March 17, 2009 | | LAW OFFICES OF VICKI I. SARMIENTO |
| | By: | /s/ Vicki I. Sarmiento |
| | | Vicki I. Sarmiento |
| | | Attorneys for Plaintiff, ALICE ROSAS AGUILAR |

All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential" that are filed with the court for any purposes, shall be filed and served under seal pursuant to Local Rule 39-141.

IT IS SO ORDERED.

Dated: **March 18, 2009**          /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

Stipulated Protective Order    7