# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ROSAS AGUILAR, as successor in interest to Sergio Rosas Aguilar, ALICE ROSAS AGUILAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, CALIFORNIA, a political subdivision of the State of California, ERNEST SERRANO, an individual,<br><br>Defendant._____/ | CASE NO. 1:08-CV-1202 AWI GSA<br><br>ORDER RE: MOTION TO COMPEL<br><br>(Docs. 42, 49) |

**I.     Introduction**

Pending before the Court is Defendants' Motion to Compel that was filed on September 2, 2009. (Doc. 42). The parties filed a Joint Statement Regarding Discovery Dispute ("Joint Statement") on September 22, 2009. (Doc. 43). Based on a review of the pleadings, the Court determined that the matter was suitable for decision without oral argument pursuant to Local Rule § 78-230 (h). Upon consideration of the Joint Statement, Defendants Motion to Compel is GRANTED IN PART.

**II.    Relevant Background**

On August 15, 2008, Plaintiff, Alice Rosas Aguilar ("Plaintiff"), filed the instant action in her individual capacity, and also in her capacity as successor in interest against the County of Fresno and Fresno Deputy Sheriff Ernesto Serrano ("Defendants") alleging state and federal law violations. (Doc. 2). Plaintiff filed a First Amended Complaint ("FAC") on October 24, 2008, after Defendants'

1

Motion to Dismiss was granted in part. (Doc. 12).

This action arises out of the shooting of Plaintiff's husband, Sergio Rosas Aguilar ("the Decedent"), by Fresno Deputy Sheriff Ernest Serrano. In the FAC, Plaintiff alleges that the Decedent was a manager of a vineyard in Fresno, California. Plaintiff alleges that late in the night on May 17, 2008, the Decedent was sitting in his pickup truck on the vineyard's private property when Defendant Serrano entered the property without a warrant or probable cause. Plaintiff alleges that Defendant Serrano encountered the Decedent's truck and ordered the Decedent out of the vehicle. Plaintiff alleges that although the Decedent was not armed and posed no threat, Defendant Serrano began shooting at the Decedent. Plaintiff alleges that even after hitting and disabling the Decedent with the initial bullets, Defendant Serrano continued firing his weapon which resulted in the death of her husband. Plaintiff alleges that Defendant Serrano did not have reasonable cause or other legal justification to shoot the Decedent and that Defendant Serrano's use of deadly force was a violation of state and federal law. As a result, Plaintiff alleges she has suffered loss of support, loss of companionship, loss of care, loss of consortium, loss of society, lost earnings, medical expenses, as well as burial and funeral expenses.

Plaintiff alleges five causes of action in the FAC. The first cause of action alleges a violation of 42 U.S.C. § 1983 against Defendant Serrano. The second cause of action alleges a violation of 42 U.S.C. § 1983 against Defendant County of Fresno. The third cause of action alleges assault and battery against all defendants. The fourth cause of action alleges negligence against all defendants. The fifth cause of action alleges wrongful death against all defendants. Plaintiff is seeking compensatory and general damages in the amount of at least ten million dollars; punitive and exemplary damages in an amount necessary to punish and deter Defendants' conduct; costs of the suit; reasonable attorney fees; and other relief the Court may deem proper.

### III.  Defendant's Motion to Compel

In the instant motion, Defendants seeks an Order requiring Plaintiff to: 1) provide the names and addresses of health care providers she has sought treatment from for injuries she attributes to the incident; 2) sign authorizations for the release of records maintained by Fresno County Behavioral Health and any other health care providers she has received treatment from for injuries she attributes

to the incident, including records concerning her drug use; and 3) provide testimony concerning Plaintiff's health care treatment and her drug use, including redeposing Plaintiff and her daughter, Marie Sustaita, as well as any other witness on these issues whose deposition was taken prior to the Court's ruling on this motion.  In the alternative, Defendants seek an Order allowing the submission of any statements made to Fresno County Sheriff's Detectives by any witness identified in the Sheriff's Department reports regarding Plaintiff, the Decedent, and Plaintiff's drug use at the time of trial or hearing, and an instruction that Plaintiff cannot refute those statements.  Additionally, if Plaintiff is not required to provide information regrading her drug use, Defendants also seek an Order preventing Plaintiff from making any claims of mental, emotional, or physical problems resulting from the incident.[1]  Finally, Defendants request that the discovery deadline of September 28, 2009, be extended to address these issues.

All of the discovery disputes in Defendants' motion revolve around access to information related to Plaintiff's substance abuse, mental health and medical treatment.  Specifically, the following items are at issue: 1) Plaintiff's failure to provide responses to Defendants' First Set of Interrogatories No. 18 (requesting information for examination or treatment from a psychologist, physician, social worker, psychiatrist that is attributable to the incident);[2] 2) Plaintiff's failure to respond to Defendants' First Set of Request for Production of Documents No. 10 (requesting documents describing medical condition/treatment resulting from the incident);[3] 3) Plaintiff's failure to provide a response to a Production of Document Request made in conjunction with a Notice of Plaintiff's deposition served on July 10, 2009, requesting medical bills and injuries she sustained as

---

[1] Defendants' Motion also included a request to take more than 10 depositions pursuant to Fed. R. Civ. P. 30(a)(2)(A)(I), however, this request was withdrawn by Defendants. (Doc. 49).

[2] Interrogatory No. 18 provides as follows : Did you receive any consultation or examination or treatment from a health care provider, including, but not limited to, an examination or treatment from a psychologist, physician, social worker, psychiatrist, for any injury you attributed to the incident?  If so, for each health care provider state: the name, address, and telephone number; the type of consultation, examination or treatment provided; the dates you received consultation, examination, or treatment; and the charges to date.

[3] Request for Production of Documents No. 10 provides as follows : Any and all documents relating to, or in any manner describing or referring to your medical condition, treatment, diagnosis, evaluation, injuries or losses, resulting from or alleged to have resulted from the incident that is the subject of the FAC [First Amended Complaint].

3

a result from the incident; 4) Plaintiff's refusal to answer questions at her deposition related to any mental health treatment she received; 5) Refusal of Plaintiff's counsel to allow questioning of Plaintiff's daughter about Plaintiff's drug use; and 6) Plaintiff's failure to provide authorizations pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") 42 U.S.C. §§ 1320d-1329d-8, which would allow the release of medical records from Fresno County Behavioral Health and other health providers regarding Plaintiff's medical and mental health treatment. Because the majority of the arguments raised by the parties relate to all of the issues, the Court will address the requests collectively.

<u>Defendants' Position</u>

Defendants argue that all of the information requested above is relevant and discoverable. First, Defendants argue that Plaintiff has alleged medical expenses as damages and she identified Fresno County Behavioral Health in response to an interrogatory as a facility that provided treatment for injuries that she attributes to the incident.  Moreover, in her initial disclosures, Plaintiff listed medical records and bills as documents she intended to use in support of her case.  Furthermore, Defendants argue that Plaintiff's drug use is relevant to these proceedings because witnesses, including Plaintiff's daughter, Maria Sustaita, made statements to Fresno County Sheriff detectives shortly after the incident indicating that Plaintiff's drug use caused the Decedent a significant amount of stress and that he had contemplated suicide because of Plaintiff's actions. Defendants contend that Ms. Sustaita told officers that Plaintiff's drug use had depleted the family's finances. Defendants' defense to the causes of action is that the Decedent was shot by Defendant Serrano because the Decedent approached the deputy with a knife.  Therefore, Defendants argue that the requested information is relevant not only to determine the Decedent's state of mind at the time of the shooting, but also to verify statements made by Ms. Sustaita to officers on the night of the incident, as well as to determine any economic damages Plaintiff is claiming.

<u>Plaintiff's Position</u>

Plaintiff counters by arguing that Plaintiff's use of drugs is not relevant to the proceedings and that providing this information is highly prejudicial.  Plaintiff contends that the issue at trial will be limited to the reasonableness of Defendant's use of force which resulted in the death of Plaintiff's

4

husband and the loss of consortium Plaintiff suffered. Plaintiff argues that her only claims are for wrongful death and survival damages. She is not seeking physical or emotional distress damages so she has not placed her mental or physical condition at issue. Accordingly, her medical records and past or current mental conditions are irrelevant to this action. Plaintiff argues that Defendants' motion is a fishing expedition to uncover information that will harass, embarrass, and intimidate Plaintiff.

In addition to the above, Plaintiff contends that access to this information violates her right to privacy and is privileged. Plaintiff relies on Fritsch v. Chula Vista, 187 F.R.D. 614, 632-633 (S.D. Cal. 1999) and E.E.O.C. v. Serramonte, 237 F.R.D. 220, 224-225 (N.D. Cal. 2006) to support this contention. Finally, Plaintiff's argues that her private medical history is not relevant to the Decedent's state of mind as the only relevant information is what the officer knew at the time of the use of force. There are less intrusive means of speculating what influenced the Decedent's state of mind including what other officers and witnesses observed at the time of shooting.

Defendants' Reply

Defendants contend that Plaintiff has not provided a privilege log asserting a privilege, nor has she filed a motion for a protective order. Additionally, Defendants have offered to minimize any privacy issues by agreeing that any information obtained will be subject to a stipulated protective order. Finally, Defendants argue that the information is being sought not only to verify or disprove information given to detectives on the night of the incident regarding the Decedent's state of mind, but also to test the credibility of Ms. Sustaita because she denied making any statements to the police regarding Plaintiff's drug use in a recent deposition. Defendants argue that the privacy privilege is not applicable to Plaintiff's daughter because Ms. Sustaita cannot assert a right to privacy regarding her mother's drugs use.

**IV.   Discussion**

  *A.   The Scope of Discovery*

Fed.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, non privileged, that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order

discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
Id.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

### B.     *Waiver of Privilege Objections*

As a preliminary matter, in addition to the arguments outlined above, Defendants contend that Plaintiff waived her right to assert her objections based on a privacy privilege because she failed to timely raise the objection in the initial discovery responses and/or she also previously agreed to provide the information.

Fed. R. Civ. P. 33 and 34 provides that discovery requests must be responded to within 30 days. However, the timing of when objections are to be made is not clear. When a waiver of objections has been found, it usually has been because the party required to serve the response failed to make any response whatsoever within the time allowed. See e.g., Davis v. Fendler, 650 F. 2d 1154, 1160 (9th Cir. 1981) (holding that untimely service of response to interrogatories waives the objections when objection raised fifteen months after the interrogatories had been propounded); See also, Richmark Corporation v. Timber Falling Consultants, 959 F. 2d 1468, 1473 (9th Cir. 1992) (stating that failure to object to document requests within the time required constitutes a waiver of any objection when no response was made and objections were not raised in a motion to compel). However, in this case, Plaintiff asserted some objections initially, and then subsequently asserted additional objections in supplemental responses, as well as in this Joint Statement. Given the facts of this case, the privacy rights asserted are an important consideration. Therefore, this Court will consider Plaintiff's objections based on privacy even though the objections were raised subsequent to the initial responses to the discovery requests. Hickman v. Taylor, 329 U.S. 495, 507 (1947) (noting that discovery rules are to be accorded a broad and liberal treatment); accord Martin v. Reynold Metals Corp., 297 F. 2d 49, 56 (9th Cir. 1961).

6

### C.     *Relevancy and Privacy*

Plaintiff alleges that she should not be required to respond to the discovery requests because the information sought is not relevant and is highly prejudicial. Plaintiff further argues that her only claims in this case are for wrongful death and survival damages and therefore her medical history and information regarding her drug use is irrelevant. Moreover, she does not intend to offer any evidence from her medical records or the testimony of her treating physician into evidence so Defendants should be precluded from obtaining this information.

Plaintiff's reasoning is misplaced for several reasons. First, relevancy is "construed broadly to encompass any matter that bears on, *or that reasonably could lead to other matter that could bear on, any issue that is or may be in a case*." Oppenheimer Fund, Inc., v. Sanders, 437 U.S. 340, 351 (1978). (Emphasis added). Plaintiff ignores the fact that she *is* seeking medical expenses and lost wages which renders any medical treatment she received as a result of the incident relevant and discoverable under Fed. R. Civ. P 26(b). FAC at ¶ 57, pg. 9:2. If Plaintiff has used drugs in the past or has received medical or mental health treatment after the incident, her medical expenses could be effected. The fact that Plaintiff has decided not to offer information related to her drug or emotional condition into evidence does not preclude Defendants' right to investigate and potentially use information obtained in the course of their investigation to support their case or to mitigate damages related to medical expenses or economic damages. Moreover, the fact that Plaintiff identified the Fresno County Behavioral Health as a location she received treatment for injuries she attributes to the incident undermines her argument that the information is not relevant.

Plaintiff's drug use not only could effect medical treatment, but contrary to Plaintiff's assertions, could also impact Plaintiff's requests for loss of consortium. Loss of consortium damages compensate a plaintiff for the impairment to his or her marital life resulting from the spouse's injury. Zwicker v. Altamont Emergency Room Physicians Medical Group, 98 Cal.App.4th 26 (2002). "The concept of consortium includes not only loss of support or services; it also embraces such elements as love, companionship, comfort, affection, society, sexual relations, the moral support each spouse gives the other through the triumph and despair of life, and the deprivation of a spouse's physical assistance in operating and maintaining the family home." (Citations omitted). Ledger v. Tippitt,

164 Cal.App.3d 625 (1985), disapproved on another ground in Elden v. Sheldon 46 Cal.3d 267, 277 (1988); see also, Rodriguez v. Bethlehem Steel Corp. 12 Cal.3d 382, 405 (1974). If Plaintiff had a significant drug problem at the time of the incident, her relationship with her husband could have been adversely effected prior to his death which may be related to her loss of consortium and loss of society claims. Further, Defendants should also be able to explore this avenue especially because shortly after the shooting, officers reported that Ms. Saustaita told them that their mother had been using drugs, that her mother had depleted the family's finances, and that her father had contemplated suicide. Fresno County Sheriff's Department Crime Report dated May 20, 2008 at pg. 3, attached to Declaration of James Weakley dated September 22, 2009 ("Weakley Declaration"). (Doc. 44). Plaintiff's drug use, if any, may lead to discoverable information related to the actions of the Decedent at the time of the incident that are relevant to the reasonableness of the deputy's actions.

Defendants should also be able to evaluate the credibility of Ms. Saustaita's comments on the night of the incident as there is an inconsistency in her testimony regarding what, if any, statements she made to officers on the night of the shooting. Specifically, during a deposition, Ms. Sustaita denied making the statements to officers outlined above. Deposition Transcript of Maria F. Sustaita, dated August 26, 2009 at pgs 22: 3-21 attached to Weakley Declaration at Ex. 5. Therefore, evidence of Plaintiff's drug use effects Ms. Saustaita's credibility as a witness.

Similarly, the Court is also not persuaded by Plaintiff's arguments that she should not be compelled to answer because the information sought by Defendants is too prejudicial. Issues regarding the admissibility of evidence because of its prejudicial effect is an issue to be raised at trial pursuant to Fed. R. Evid. 403. The discovery rules explicitly provide that discoverable information need not be admissible at trial if it appears to be reasonably calculated to lead to the discovery or admissible evidence. Fed. R. Civ. P. 26(b). For all of the above reasons, Plaintiff's arguments in opposition to motion to compel based on relevancy and prejudice objections fail.[4]

### D.  Right to Privacy

Plaintiff also argues that she should not be compelled to produce the requested information

---

[4] In her initial responses to Interrogatory No. 18 and Request for Production of Document No.10, Plaintiff objected to the requests on the basis that they were vague, ambiguous, overboard and compound. The Court overrules these objections even though they were not specifically argued in the Joint Statement.

based on the privacy concerns. The Court acknowledges that privacy rights are generally recognized in federal court. Johnson v. Thompson, 971 F. 2d 1487, 1497 (10th Cir. 1992). However, the right is not absolute and may be subject to invasion depending on the circumstances. Oakes v. Halvorsen Marine Ltd., 279 F.R.D. 281, 284 (C.D. Cal., 1998). Thus, the right to privacy is not a recognized privilege or absolute bar to discovery, but instead is subject to the balancing of needs. Ragge v. MCA/Universal Studios,165 F.R.D. 601, 604  (C.D. Cal. 1995).

       Plaintiff argues that the Plaintiff's privacy rights regarding her treatment records and drug use should be protected because she has not alleged emotional distress damages. Plaintiff relies on Fritsch v. Chula Vista, supra, and E.E.O.C. v. Serramonte, supra, for the premise that even in cases where garden variety emotional distress claims are alleged, courts have determined that mental health information is privileged.[5] Although it is true that Plaintiff has not alleged emotional damages, she has alleged medical expenses, loss of consortium, and lost wages which could be impacted by her past drug use. Therefore, in determining whether the Plaintiff should be required to respond to the requested information, the "right to privacy as to plaintiff's personal history that a plaintiff may otherwise have must be balanced against the defendant's right to a fair trial." Ferrell v. Glen-Gery Brick, 678 F. Supp. at 112 (citing, Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296, 298 (E.D.

---

[5] Although not acknowledged by Plaintiff, the Court notes the Ninth Circuit has not ruled on this issue and that there are two approaches when examining whether a Plaintiff waives the psychotherapist-patient privilege when bringing forth claims based on emotional distress. Under the broad approach, the psychotherapist-patient privilege is waived whenever the patient places his mental condition at issue. Sanchez v. U.S. Airways Inc, 202 F.R.D. 131 (E.D. Penn. 2001) (Plaintiffs alleging Title VII violation waived the psychotherapist-patient privilege by alleging emotional distress); Doe v. City of Chula Vista, 196 F.R.D. 562, 567 (S.D. Cal. 1999) (Plaintiff in employment discrimination case who seeks to recover for emotional distress damages is relying on her emotional condition as an element of her claim and waives the privilege);  Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D. Pa. 1997) (Plaintiff in American with Disabilities Act case who alleged defendant did not accommodate her depression waived psychotherapist-patient privilege); EEOC v. Danka Industries, Inc., 990 F. Supp. 1138 (E.D. Missouri, 1997) (Plaintiff waived psychotherapist patient privilege by alleging emotional distress damages in sexual harassment case brought pursuant to Title VII).
    Under the narrow approach, the psychotherapist-patient privilege is waived only if the patient places the contents of the communication itself at issue, which excludes raising a claim of emotional distress. Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 229 (D. Mass. 1997). Utilizing this approach, the psychotherapist privilege is not waived in cases in which a plaintiff alleges generic damages for emotional distress. Fitzgerald v. Cassil,  216 F.R.D.632 (N.D. Cal. 2003); Ruhlman v. Ulster County Department of Social Services, 194 F.R.D. 445, 448-449 (N.D. N.Y. 2000) ("A party does not put his or her emotional condition at issue by merely seeking incidental, 'garden variety' emotional distress damages, without more."); Santelli v. Electro-Motive, 188 F.R.D. 306, 308-309 (N.D. Ill. 1999) (holding that privilege was not waived so long as plaintiff limits her testimony on emotional distress damages to common humiliation and embarrassment).

9

Pa. 1983). Thus, "the discovery process should be fair to both parties, so that each side is able to present an effective and complete case to the jury." Doe v. City of Chula Vista, 196 F.R.D. 562, 569 (S.D. 1999).

After balancing the rights of the parties, as well as considering the broad nature of discovery, the Court finds that Defendants should have access to the requested information. Notwithstanding the above, any balancing must be narrowly construed to be the least restrictive. Accordingly, Defendants' request shall be limited to information related to Plaintiff's medical and mental health treatment including information regarding her drug use for the period beginning one year prior to the Decedent's death up to the present. However, Plaintiff alone may elect not to answer questions posed to her regarding her drug use for the period beginning one year prior to the date of the questioning on the basis of a Fifth Amendment Privilege.[6] Additional privacy concerns can be addressed with a protective order and an order that any documents submitted to the Court shall be filed under seal. Ultimate admissibility of the information will be reserved for the trial judge at the time of trial.

## V.     Conclusion and Order

Based on the above, IT IS HEREBY ORDERED that :

1. Plaintiff shall provide complete responses to Interrogatory No. 18 subject to the time limitation outlined above **within five days of the date of this Order**;

2. Plaintiff shall provide all documents responsive to Request for Production of Documents No. 10 subject to the time limitation outlined above **within five days of the date of this Order**;

3. Plaintiff shall provide responses to the Production of Document Requests made in conjunction with a Notice of Plaintiff's deposition served on July 10, 2009, requesting medical bills and identification of injuries she sustained as a result from the incident **within five days of the date of this Order**;

4   Plaintiff shall provide HIPPA authorizations to allow the release of medical records from Fresno County Behavioral Health and other heath providers regarding Plaintiff's

---

[6] The Court imposes this limitation because being under the influence of a controlled substance pursuant to Cal. Health and Safety Code § 11550 is a misdemeanor offense and has a one year statute of limitations. Cal. Penal Code § 802(a).

10

medical and mental health treatment subject to the time limitation outlined above **within five days of the date of this Order**;

5. Plaintiff shall answer questions related to any medical and mental health treatment that she received as a result of this incident subject to the limitations outlined above;

6. Defendants are allowed to question Plaintiff, Ms. Sustaita's and other individuals regarding Plaintiff's drug use subject to the limitations outlined above;

7. The parties are directed to meet and confer and submit a suitable stipulated protective order to protect the relevant privacy interests to the Court **within five days of this order.** The protective order shall include language that any documents or information submitted to the Court shall be submitted under seal pursuant to Local Rules 39-140 and 39-141 in order to preserve its confidentiality; and

8. All non-expert discovery addressed in this order shall be completed **no later than November 30, 2009**.

IT IS SO ORDERED.

Dated:   **October 29, 2009**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE