# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ROSAS AGUILAR, as successor in interest to Sergio Rosas Aguilar, ALICE ROSAS AGUILAR, an individual, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF FRESNO, CALIFORNIA, a political subdivision of the State of California, ERNEST SERRANO, an individual, <br><br> Defendant. _____ / | CASE NO. 1:08-CV-1202 AWI GSA <br><br> ORDER RE: MOTION TO COMPEL <br><br> (Doc. 61) |

**I.     Introduction**

Pending before the Court is Defendant, Ernest Serrano and County of Fresno (collectively, "Defendants"), Motion to Compel that was filed on November 30, 2009. (Doc. 61). The parties filed a Joint Statement Regarding Discovery Dispute ("Joint Statement") on January 8, 2010. (Doc. 43). The matter was set for hearing on January 15, 2009 at 9:30 am. Based on a review of the pleadings, the Court determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g). Upon consideration of the Joint Statement, Defendants' Motion to Compel is DENIED.

**II.     Relevant Background**

On August 15, 2008, Plaintiff, Alice Rosas Aguilar ("Plaintiff"), filed the instant action in her individual capacity, and also in her capacity as successor in interest against Defendants. (Doc. 2). Plaintiff filed a First Amended Complaint ("FAC") on October 24, 2008, after Defendants' Motion

1

1  to Dismiss was granted in part. (Doc. 12).

2  This action arises out of the shooting of Plaintiff's husband, Sergio Rosas Aguilar ("the Decedent"), by Fresno Deputy Sheriff Ernest Serrano on May 17, 2008. In the FAC, Plaintiff alleges that the shooting was unjustified. As a result of her husband's death, Plaintiff alleges she has suffered loss of support, loss of companionship, loss of care, loss of consortium, loss of society, lost earnings, medical expenses, as well as burial and funeral expenses. She alleges violations of 42 U.S.C. § 1983, assault and battery, negligence, and wrongful death as causes of action. Plaintiff is seeking compensatory and general damages in the amount of at least ten million dollars; punitive and exemplary damages; costs; reasonable attorney fees; and other relief the Court may deem proper.

Defendants allege that following the shooting, statements were made by witnesses to Fresno County Sheriff's Detectives concerning Plaintiff's drug use and its effect on the decedent. Specifically, Plaintiff's daughter, Marie Sustaita, stated that Plaintiff was depleting the family finances because Plaintiff would spend money on drugs which caused the decedent considerable stress. As a result, the decedent contemplated suicide. See, Report of Detective Toscano, dated May 20, 2008, Exhibit 1 at pg. 7 to Declaration of James Weakley. (Doc. 75).

On October 29, 2009, this Court issued an order that Defendant may depose Plaintiff and other individuals regarding her drug use one year prior to the date of the deposition.[1] (Doc. 52). In Plaintiff's second deposition taken on November 19, 2009, Plaintiff admitted to using methamphetamine before her husband's death, but denied using his income to buy the drugs. Transcript of Plaintiff's Deposition dated November 19, 2009 at pgs. 169-171, Exhibit 2 of Declaration of James Weakley. (Doc. 75).

In the instant motion, Defendants seek an order requiring Plaintiff to: 1) provide the name(s) and address(es) and telephone numbers of all individuals from whom she obtained methamphetamine, and 2) provide the name and address of all persons from whom she received money to purchase methamphetamine. Defendants also request that they be permitted to take the deposition of any person identified by Plaintiff. Finally, Defendants request that the Court deny Plaintiff's request to extend the trial date.

---

[1] The Court imposed this time limitation due to Fifth Amendment privilege concerns.

Defendants' Position

Defendants argue that Plaintiff's source of income to purchase methamphetamine is relevant to the decent's state of mind given witness statements indicating that Plaintiff's drug use depleted the family's finances and caused the decedent a significant amount of stress. Defendants contend that the requested information is vital to Plaintiff's claim that she did not use her husband's money to buy drugs. If the motion is denied, Defendants request that the Court issue an order precluding Plaintiff from introducing evidence at trial concerning her source of money to purchase methamphetamine.

Plaintiff's Position

Plaintiff counters by arguing that Defendants have already been permitted to depose Plaintiff on the issue of her drug use in order to establish the effect it may have had on the decedent. Plaintiff contends that the requested information is not relevant to the issues in this lawsuit. Moreover, compelling Plaintiff to provide this information would violate her Fifth Amendment right against self-incrimination as any answers may subject Plaintiff to criminal investigation or prosecution. Allowing Defendants to probe into issues related to Plaintiff's drug use have no bearing on any central issue in this case which is whether or not the shooting of the decedent was justified.

**IV.    Discussion**

   *A.    The Scope of Discovery*

Fed.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, non privileged, that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
> Id.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

///

3

### B.     *Relevancy*

Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in a case." Oppenheimer Fund, Inc., v. Sanders, 437 U.S. 340, 351 (1978). Here, the Court agrees with Defendants that the requested information is relevant to determine the credibility of Plaintiff's statements that she did not use her husband's money to buy methamphetamine. Whether Plaintiff used the family's resources to buy the drugs is also relevant to Plaintiff's loss of consortium and society claims, as well as to assessing the state of mind of the decedent at the time of the shooting. However, requiring Plaintiff to answer these questions implicates the Fifth Amendment.

### C.     *Fifth Amendment Privilege*

Plaintiff contends that the Fifth Amendment privilege against self-incrimination prohibits her from answering Defendants' questions. The Fifth Amendment of the Constitution provides that no person shall be compelled in any criminal case to be a witness against himself. Notwithstanding the text, the privilege against self-incrimination may be raised in civil as well as in criminal proceedings, and applies not only to trial, but also during the discovery process. SEC v. Graystone Nash, Inc. 25 F. 3d 187, 190 (3rd Cir. 1994); see also, United States v. Balsys 524 US 666, 672 (1998), 118 S. Ct. 2218, 2222 (privilege assertable in any type of proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory). Thus, the fact that the privilege is raised in a civil proceeding rather than a criminal prosecution does not deprive a party of its protection. Lefkowitz v. Cunningham, 431 U.S. 801, 805 (1977). In the civil context, the invocation of the privilege is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner. Doe v. Glanzer, 232 F. 3d 1258 (9th Cir. 2000); Hoffman v. United States, 341 U.S. 479, 486-488 (1951) (privilege forbids compelled disclosures which could serve as a "link in a chain" of evidence tending to establish criminal liability in a subsequent state or federal proceeding).

Here, Defendants are attempting to question Plaintiff regarding whether she purchased methamphetamine, where she obtained the money to do so, and who the drugs were purchased from. Plaintiff's affirmative responses to any of these questions could reasonably lead to criminal

1  prosecution under federal or state law regarding the possession, sale and purchase of drugs.[2]
2  Defendants have not argued that the Fifth Amendment privilege was not properly invoked. The Court
3  finds that compelling Plaintiff to answer the questions posed by Defendants violates her Fifth
4  Amendment rights. Accordingly, Defendants' Motion to Compel is denied on that basis. The Court
5  also denies Defendants' request for an order precluding Plaintiff from introducing evidence at trial
6  concerning her source of money to purchase methamphetamine if the Fifth Amendment privilege is
7  invoked. This is a decision that is within the discretion of the trial judge and will be made at the time
8  of trial.

### C.  *Continuance of the Trial Date*

Defendants' motion indicates that Plaintiff may be using this motion and other pending discovery issues as a reason to extend the trial date in this matter. To the extent that Defendant's seeks a Court order denying a request for a continuance, the motion is denied without prejudice. As correctly noted by Plaintiff, Plaintiff has not formally requested that the trial date be extended so the issue is not ripe for review.

### V.  Conclusion and Order

Based on the above, IT IS HEREBY ORDERED that Defendants' Motion to Compel is DENIED.

IT IS SO ORDERED.

Dated:  **January 14, 2010**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] See, California Health and Safety Code §§ 11350, 11351 and 21 U.S.C. §§ 841, 844.