# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ROSAS AGUILAR, as successor in interest to Sergio Rosas Aguilar; ALICE ROJAS AGUILAR, an individual,<br><br>Plaintiffs<br><br>vs.<br><br>COUNTY OF FRESNO, et al.,<br><br>Defendants. | CASE NO. 1: 08-cv-1202 AWI GSA<br><br>FINDINGS AND RECOMMENDATIONS FOLLOWING OSC RE CONTEMPT AGAINST NON PARTY JOSE MEDINA |

On February 4, 2010, this Court issued an Order to Show Cause Why a Contempt Citation Should Not Issue ("OSC") to third party witness Jose Medina based on his failure to appear at four depositions. (Doc. 90). The OSC ordered that Mr. Medina file a response no later than February 26, 2010. No response was filed.

A hearing regarding the OSC was held on March 19, 2010 at 10:00 am. Michael R. Linden personally appeared on behalf of Defendants, County of Fresno and Fresno Deputy Sheriff Ernesto Serrano ("Defendants"). Non-party Jose Medina did not appear. The Court issues these Findings and Recommendations to the District Court pursuant to 28 U.S.C. 636(e)(6).

## BACKGROUND

On August 15, 2008, Plaintiff, Alice Rosas Aguilar ("Plaintiff"), filed the instant action in her individual capacity, and also in her capacity as successor in interest, against Defendants alleging

1  state and federal law violations. (Doc. 2).  This action arises out of the shooting of Plaintiff's
2  husband, Sergio Rosas Aguilar ("the Decedent"), by Fresno Deputy Sheriff Ernest Serrano.
3       On October 7, 2009, Defendants gave notice that they would take the deposition of Jose
4  Medina, a witness in this action on October 15, 2009.  Declaration of Michael Linden dated
5  November 4, 2009 at ¶ 2, Exhibit B (Doc. 55-3).  At that time, Plaintiff's counsel represented that
6  Mr. Medina would appear, however, Mr. Medina did not attend the deposition. *Id*.  On October 27,
7  2009, Mr. Medina was personally served with a deposition subpoena, but again, did not appear.
8  Declaration of Michael Linden dated November 4, 2009 at ¶ 5, Exhibit D (Doc. 55-3).  On
9  November 4, 2009, Defendants filed an application for an OSC for a contempt citation and this
10 Court set a hearing for December 12, 2009. (Doc. 55).  However, this application was withdrawn
11 because Defendants did not timely serve Mr. Medina with a copy of the court's order setting the case
12 for an order to show cause hearing.
13      Defendants' counsel had another conversation with Mr. Medina on November 5, 2009 at
14 which time Mr. Medina agreed to appear for the deposition.  Declaration of Michael Linden dated
15 February 1, 2010, ¶ 2 (Doc. 84-6).   On November 13, 2009, Mr. Medina was personally served with
16 another subpoena requiring him to appear at a deposition set for November 19, 2009.  *See*,
17 Declaration of James Weakley dated February 1, 2010 at ¶ 2, Exhibit A (Doc. 84-3).  Mr. Medina
18 informed Defendants' process server that he would be at the deposition.  *See*, Declaration of Doug
19 Stokes dated February 1, 2010 at ¶ 2, Exhibit A (Doc. 84-4).  Mr. Medina did not appear for his
20 November 19, 2009 deposition, nor did he provide an explanation for his failure to appear.
21 Declaration of James Weakley dated 1, 2010, ¶ 2, Exhibit A (Doc. 84-3).
22      On January 11, 2010, a third subpoena was personally served on Mr. Medina for a deposition
23 on January 20, 2010.  Mr. Medina again told Defendants' process server that he would be at the
24 deposition.  *See*, Declaration of Doug Stokes dated February 1, 2010 at ¶ 3, Exhibit B (Doc. 84-4).
25 However, once again, Mr. Medina did not appear for his deposition, nor did he contact counsel to
26 advise that he was unable to appear. *See*, Declaration of Rosemary McGuire dated February 1, 2010
27 ¶ 2, Exhibit A (Doc. 84-5).   As a result of Mr. Medina's non-compliance, Defendants filed the
28 instant application for an OSC Why a Contempt Citation Should Not Issue . (Doc. 84).  Pursuant to

2

this Court's order, Defendants personally served Mr. Medina with the Court's OSC on February 6, 2010. (Doc. 91).

On March 19, 2010, defendants' counsel appeared at the scheduled hearing. Notwithstanding the personal service of the order requiring him to appear before the Court and advising him of the potential contempt citation to be issued, Mr. Medina again failed to appear or otherwise contact the Court.

## **LEGAL STANDARD**

A subpoena shall "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." F.R.Civ.P. 45 (a)(1)( iii). The issuing court may hold a person in contempt for failing to obey a subpoena F.R.Civ.P. 45(e) "Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court." *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D.Md.2001) (citing Advisory Committee Notes to Rule 45(a)(1991 amend.) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions")); *Halawani v. Wolfenbarger*, No. 07-15483, 2008 WL 5188813, *7 (E.D.Mich. Dec.10, 2008). (same).

A civil contempt sanction is designed to force the contemnors to comply with an order of the court and thus to affect discovery. *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 207 (1999). Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. Courts have inherent power to enforce their orders through civil contempt. See *Spallone v. United States*, 493 U.S. 265, 276 (1990) (citing *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966)). Civil contempt is characterized by the court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance. *FalstaffBrewing Corp., v. Miller Brewing Co.*, 702 F. 2d 778 (9th Cir. 1983). A district court has wide latitude in determining whether there has been a contemptuous defiance of

1 | one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992).

2 | Failure of the responding party to file a responsive pleading to an OSC why a contempt citation should not issue may warrant a finding that the applicant's allegations are uncontested as a matter of law. See *Rogers v. Webster* 776 F.2d 607, 611 (9th Cir. 1985). The responding party is entitled to a hearing on the OSC where, unless waived, live testimony must be taken or an opportunity afforded to cross examine the declarants. See *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983). However, where the affidavits offered in support of a finding of contempt are uncontroverted, a full evidentiary hearing is not essential to due process and the trial court may treat the facts set forth in the uncontroverted affidavits as true. See *Peterson v. Highland Music*, 140 F.3d 1313, 1324 (9th Cir. 1998). Without an issue of material fact, the district court is only required to give notice and an opportunity to be heard. See *United States v. Ayres*, 166 F.3d 991, 996 (9th Cir. 1999).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F. 3d 1228, 1239 (9th Cir. 1999). Once the moving party meets this standard, the burden shifts to the contemnor to demonstrate that he or she took every reasonable step to comply, and to articulate reasons why compliance was not possible. See *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir.1983). To assess whether an alleged contemnor has taken "every reasonable step" to comply with the terms of a court order, the district court can consider (1) a history of noncompliance, and (2) a failure to comply despite the pendency of a contempt motion. See *Stone v. City and County of San Francisco*, 968 F.2d 850, 856-57 (9th Cir. 1992). A party's subjective intent and willfullness is irrelevant. See *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *Donovan v. Mazzola*, 716 F.2d at 1240. Thus, the disobedient party's good faith or intent in attempting to comply does not bar a finding of contempt. See *Stone v. City and County of San Francisco*, 968 F.2d at 857. If, however, "a defendant's action 'appears to be based on a good faith and reasonable interpretation of (the

4

court's order),' he should not be held in contempt." *Vertex Distributing v. Falcon Foam Plastics*, 689 F.2d at 889 (quoting *Rinehart v. Brewer*, 483 F.Supp. 165, 171 (S.D.Iowa 1980)).

Sanctions for civil contempt are imposed to coerce compliance with a court order, to compensate the party pursuing contempt for injuries resulting from the contemptuous behavior, or both. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947). "Generally, the minimum sanction necessary to obtain compliance is to be imposed." *Whittaker Corp v. Execuair Corp.*, 953 F. 2d 510, 517 (9th Cir. 1992) *citing*, *Spallone v. United States*, 493 U.S. 265, 280, 110 S. Ct. 625 (1990). Where the purpose of the contempt order is to ensure a party's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Bademyan v. Receivable Management Services Corporation*, No. CV-08-00519, 2009 WL 605789 (C.D. Cal. March 9, 2009) citing *Whittaker Corp v. Execuair Corp.*, 953 F. 2d at 516.

## ANALYSIS

Mr. Medina was personally served with an Order to Show Cause Why a Contempt Citation Should Not Issue. The OSC was a specific and definite order which gave notice of the time, date, and location of the hearing, however, Mr. Medina failed to appear or otherwise contact the court. Mr. Medina was also personally served with three separate deposition subpoenas to which he has failed to comply. Mr. Medina has repeatedly ignored the orders of this Court and has failed to offer any excuse or justification for his non-compliance. The court must therefore assume that the allegations in Defendants' application for contempt citation and supporting declarations are true and further that Mr. Medina has willfully disregarded the orders of this Court. Defendants have met their burden of showing by clear and convincing evidence that Medina violated a specific and definite order of the court. Because Mr. Medina has not participated in this proceedings, the least restrictive sanction that will ensure compliance with the Court's orders is to issue a contempt citation against him.

**RECOMMENDATION**

Accordingly, the court HEREBY RECOMMENDS that Medina be found in civil contempt and a civil contempt citation be ISSUED against him for failure to appear at the March 19, 2010 hearing. The court further RECOMMENDS that a bench warrant be issued for the arrest of Jose Medina to compel his appearance before the Honorable Anthony W. Ishii, his compliance with the deposition subpeonas, and any other penalty the Court may deem appropriate.

The United States Marshal is ordered to personally serve these Findings and Recommendations forthwith on Jose Medina at the following address:

> 340 North Clark Avenue #A
> Fresno, California 93701

If Mr. Medina is not located at the above address, an alternate address for personal service is:

> 174 North "U" Street,
> Fresno, California 93701

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, Jose Medina, may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 23, 2010**          /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE