**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALICE ROSAS AGUILAR, as successor in interest to Sergio Rosas Aguilar; ALICE ROSAS AGUILAR, an individual,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**COUNTY OF FRESNO, CALIFORNIA; ERNEST SERRANO, an individual,**<br><br>**Defendants.** | CV F 08-1202 AWI GSA<br><br>**MEMORANDUM ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Document # 81 |

    This is an action for damages by plaintiff Alice Rosas Aguilar ("Plaintiff") in her individual capacity and as successor in interest to Sergio Rosas Aguilar ("Decedent") against Ernest Serrano ("Serrano"), a law enforcement officer of the County of Fresno, and against the County of Fresno (collectively, "Defendants").  This action arises from the shooting death of Decedent by Serrano, a shooting that was carried out in the normal course and scope of Serrano's employment.  Plaintiff's complaint alleges claims for relief under 42 U.S.C. § 1983 and under California common law.  In the instant motion, Defendants move for summary judgment as to all claims alleged by Plaintiff in the First Amended Complaint ("FAC").  Federal subject matter jurisdiction exists pursuant to 28 U.S.C., section 1331.  Supplemental jurisdiction over California state law claims exists pursuant to 28 U.S.C., section 1367.

Venue is proper in this court.

## PROCEDURAL HISTORY

The complaint in this action was originally filed on August 15, 2008. On October 23, 2008, the court granted in part and denied in part Defendants' motion to dismiss and granted leave to amend. Plaintiff's FAC was filed on October 24, 2008. Plaintiff's FAC alleges a total of five claims for relief. Plaintiff's first claim is alleged against individual defendant Serrano pursuant to 42 U.S.C. § 1983. The claim alleges that defendant Serrano entered the property without warrant or cause and unlawfully seized Plaintiff, both in violation of Plaintiff's rights under the Fourth Amendment. Plaintiff's second claim for relief is alleged against the County of Fresno for promulgating policies and practices that resulted in the violations of Plaintiff's Fourth Amendment rights. Plaintiff's second claim for relief is also alleged pursuant to 42 U.S.C. § 1983. Plaintiff's third, fourth and fifth claims for relief allege state common law claims for assault and battery, negligence and wrongful death, respectively, against both Defendants. The instant motion for summary judgment was filed on January 25, 2010. Plaintiff's opposition was filed on February 1, 2010, and Defendants' reply was filed in February 17, 2010. On February 18, 2010 the court vacated the date for hearing on Defendants' motion for summary judgment and took the matter under submission as of February 22, 2010.

## GENERAL FACTUAL BACKGROUND/
## UNDISPUTED MATERIAL FACTS

The following facts are generally not disputed by the parties. Defendant Serrano was a Deputy Sheriff working for the Fresno County Sheriff's Department. At all times pertinent to the complaint, Serrano was acting in the course and scope of his duties as a Sheriff's Deputy. Decedent was a vineyard manager working in Fresno, California. On the night of May 17, 2008, Decedent was sitting in his pickup truck in a vineyard preparing to turn off the irrigation water to a portion of the vineyard he was tending. The property on which the vineyard was located was not fenced. At approximately 10:12 p.m. on May 17, 2008, Raymond Felix placed a 9-1-1 call to Fresno Sheriff's Department to report a suspicious

vehicle entering the vineyard behind the caller's home.  Serrano was dispatched to investigate the call.  Mr. Felix met Serrano before Serrano got to the vineyard.  Felix told Serrano where Felix had seen the vehicle enter the vineyard and told Serrano that other people had gone behind the property to party in the past.  After speaking with Felix, Serrano proceeded down the dirt road Felix indicated the suspicious vehicle had taken.  A short distance down the dirt road, Serrano came upon a dark truck.  Serrano illuminated the truck with a spotlight and called the license plate number to dispatch.  Serrano noticed the truck was occupied.  He ordered the occupant, later identified as Decedent to remain in the vehicle, but Decedent opened he door and placed his hands outside the truck.  See Doc. # 92-2 at ¶¶ 1-8.

The events that transpired after this point are sharply contested by the parties.  Based on the Serrano Declaration, Exhibit "D" to Doc. # 82-3, Defendants allege that Decedent reached inside the truck and came back out with a beer in one hand and a knife in the other.  Defendants allege Serrano ordered Decedent to drop the knife, but Decedent did not comply.  Serrano pointed his service weapon at Decedent and broadcast over the radio that Serrano "had one at gunpoint."  Serrano again ordered Decedent to drop the knife.  Defendants allege Decedent again failed to comply and yelled out words to the effect of "You are going to have to fucking kill me!" and advanced toward Serrano raising the knife in his right hand.  Serrano, fearing for his well being fired five shots in rapid succession when Decedent approached to approximately 10 feet away from him.  It is not disputed that Serrano attempted CPR on Decedent and that Decedent expired at the scene as a result of the gunshot wounds.

Plaintiff's opposition to Defendants' motion for summary judgment is based primarily on physical evidence that Plaintiff contends calls into question Defendants' claim that Decedent advanced on Serrano in the manner Defendants allege or that Serrano reasonably feared for his life.  Specifically, Plaintiff contends and Defendants do not appear to dispute that Decedent's body came to rest next to and partly under the pickup truck.  While Defendants allege Decedent stepped backward and came to rest against the pickup after he was shot, Plaintiff contends the physical evidence is equally supportive of Plaintiff's

3

1  contention that Decedent was not advancing toward Serrano and posed no threat to Serrano
2  or anyone else.

### LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v. Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Although the party moving for summary judgment always has the initial responsibility of informing the court of the basis for its motion, the nature of the responsibility varies "depending on whether the legal issues are ones on which the movant or the non-movant would bear the burden of proof at trial." Cecala v. Newman, 532 F.Supp.2d 1118, 1132-1133 (D. Ariz. 2007). A party that does not have the ultimate burden of persuasion at trial – usually but not always the defendant – "has both the initial burden of production and the ultimate burden of persuasion on the motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los

Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the mere allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Anderson, 477 U.S. 248-49; Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank, 391 U.S. at 290; T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1405 (9th Cir. 1985).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c); Poller, 368 U.S. at 468; SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(per curiam); Abramson v. University of Hawaii, 594 F.2d 202, 208 (9th Cir. 1979). Nevertheless, inferences are not drawn out of the

5

air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

## DISCUSSION

**I. Plaintiff's First Claim for Relief – Fourth Amendment Violations**

### *A. Unlawful Entry*

A fair reading of the FAC indicates that Plaintiff's first claim for relief alleges Fourth Amendment violations both with respect to Serrano's entry onto the property and with respect to Serrano's use of deadly force in the seizure of Decedent.  Defendants argue in their motion for summary judgment that Decedent was a tenant on the vineyard property and that Fourth Amendment rights, to the extent those rights might secure an expectation of privacy as to most of the vineyard property, belongs to the owner of the property, not to Decedent. Given that Decedent's expectation of privacy extended no more than a relatively small distance from the trailer where he lived, and given that Serrano did not approach the area in the immediate vicinity of Decedent's residence, Defendants contend Plaintiff lacks any basis to assert a Fourth Amendment claim for unreasonable entry onto the property.

Plaintiff's opposition to Defendants' motion for summary judgment does not address Defendants' contentions with regard to unreasonable entry.  Rather, Plaintiff's opposition is confined to the issue of whether an issue of material fact remains with regard to Plaintiff's Fourth Amendment claim for unlawful use of deadly force.  Based on the absence of any opposition by Plaintiff and finding Defendants' argument persuasive, the court will grant summary judgment as to Plaintiff's first claim for relief to the extent Plaintiff has asserted a claim for unlawful entry under the Fourth Amendment.

### *B. Unlawful Use of Force*

Both parties apparently agree that Plaintiff's first claim for relief asserts a claim pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment privilege against unreasonable seizure.  Both parties recognize the court's analysis of the reasonableness to the force employed in the seizure of a free citizen is set forth by the Supreme Court in Graham v.

Connor, 490 U.S. 386 (1989).  In Graham, the Court set forth "a non-exhaustive list of factors to be considered in evaluating whether the force used to effect a particular seizure is reasonable: we must pay careful attention to (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists detention or attempts to escape." Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (citing Graham, 490 U.S. at 388).  Both parties also center their arguments on what is the central issue in this case – whether Decedent presented an immediate threat to Serrano's safety.  See Shannon v. City of Costa Mesa, 46 F.3d 1145, 1995 WL 45723 (9th Cir. 1995) at *4 (the most important element in an excessive force claim is whether the suspect poses an immediate threat to the safety of the officers or others).

      The court need not dwell at length on the merits of Defendants' motion for summary judgment on Plaintiff's first claim for relief.  As reflected in the legal standard for summary judgment, the non-moving party need only raise an issue of material fact that requires resolution by the finder of fact to defeat summary judgment.  Anderson, 477 U.S. 248-49.  Proof of the material fact is not required.  First Nat'l Bank, 391 U.S. at 290.  The material fact at issue in this case is whether Decedent was advancing toward Serrano with a knife in hand at the time the latter fired the five shots that struck Decedent.  There is no dispute that Decedent's body came to rest partially underneath the pickup and had to be dragged outward so that Serrano could attempt resuscitation.  As Plaintiff points out, both the position of the Decedent's body and the location where the knife was found can be interpreted to support a factual narrative that contradicts the narrative asserted by Defendants.  In short, the physical evidence is susceptible to at least two interpretations; one offered by Defendants who allege Decedent was advancing with a knife and stepped backward as he was shot coming to rest beside and partly under the pickup truck and the other offered by Plaintiff who alleges that Decedent did not advance toward Serrano but was shot where he stood by his truck.  Where the physical evidence is susceptible of interpretations of both the moving and non-moving party, the court must assume the facts alleged by the non-moving party are correct on summary judgment.  Liston, 120 F.3d at 977.

1    Defendant Serrano is not entitled to summary judgment under qualified immunity for
2    the same reason. To assert qualified immunity the court first asks whether, in the light most
3    favorable to the party asserting injury, the facts show an officer's conduct violated a
4    constitutional right. Saucier [v. Katz, 533 U.S. 194, 201 (2001)]; Robinson v. Solano
5    County, 278 F.3d 1007, 1012 (9th Cir. 2002) (en banc). If no constitutional right was
6    violated, immunity attaches and the inquiry ends. Saucier, 533 U.S. at 201. If a
7    constitutional right would have been violated were a plaintiff's allegations established, the
8    next step is to ask whether the right was clearly established in light of the context of the case.
9    Id. Where, as here, the court must accept the Plaintiff's version of events, there is no
10   question that the application of deadly force in the absence of a threat to the officer or others
11   is a violation of the Fourth Amendment. Further, the Fourth Amendment right is clearly
12   established in the absence of such a threat. What Plaintiff's version of the evidence tends to
13   establish is the absence of a factual basis for a factual finding that there was a threat to
14   Serrano. Thus, in context of this case, qualified immunity is not available to Serrano to the
15   same extent and for the same reason that Plaintiff's version of the facts tends to support a
16   finding that Decedent's actions did not pose a threat to the safety of Serrano or others.

17   "Determining whether a police officer's use of force was reasonable or excessive [. .
18   .] 'requires careful attention to the facts and circumstances of each particular case' and a
19   'careful balancing' of an individual's liberty with the government's interest in the application
20   of force. [Citations.] Because such balancing nearly always requires a jury to sift through
21   disputed factual contentions, and to draw inferences therefrom, we have held on many
22   occasions that summary judgment or judgment as a matter law in excessive force cases
23   should be granted sparingly. [Citations.] This is because police misconduct cases almost
24   always turn on a jury's credibility determinations. This case is not different." Santos v.
25   Gates, 287 F.3d 846, 853 (9th Cir. 2002) (internal citations omitted).

26   The court concludes Defendants are not entitled to summary judgment with regard to
27   Plaintiff's first claim for relief except to the extent the claim may attempt to assert a violation
28   of Decedent's Fourth Amendment rights based on Defendants' entry onto the property.

**II. Plaintiff's Second Claim for Relief against County of Fresno**

Defendants move for summary judgment on Plaintiff's second claim for relief pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment Rights. Plaintiff's second claim for relief alleges Defendant County of Fresno is liable because the harms alleged by Plaintiff are the direct result of policies, procedures and established customs of the County. The extent of liability of a public entity in a suit pursuant to 42 U.S.C. § 1983 is set forth in Monell v. Dep't of Soc. Services, 436 U.S. 658 (1978). A governmental entity defendant is liable only for the actions of "its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694. To impose liability for a violation of constitutional rights, a plaintiff must show: (1) that plaintiff was deprived of a constitutional right; (2) that the municipality had a policy; (3) that this policy amounted to deliberate indifference of plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation." Sepatis v. City and County of San Francisco, 217 F.Supp.2d 992, 1001 (N.D. Cal. 2002) (citing Plumeau v. Sch. Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

Plaintiff's second claim for relief alleges in conclusory fashion that Serrano acted pursuant to training and instruction provided by County and that the harms suffered by Decedent were the result of departmental policies. Defendants' motion for summary judgment alleges, *inter alia*, that Plaintiff has failed to provide any evidence to indicate the existence of any policy or established practice that could be fairly traceable to Plaintiff's alleged harm. The court has examined Plaintiff's opposition to Defendants' motion for summary judgment and can find nothing there that pertains to Defendants' motion as to Plaintiff's second claim for relief. Plaintiff, in short, appears to have conceded the issue.

As noted earlier, when the moving party alleges the absence of evidence to establish a material issue of fact, the non-moving party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289. Because Plaintiff has tendered no evidence of the existence of any policy or established

practice that is fairly traceable to the alleged harm, summary judgment will be granted as to Plaintiff's second claim for relief.

**III. Motion for Summary Judgment as to Plaintiff's State Law Claims**

Plaintiff's third, fourth and fifth claims for relief allege assault and battery, negligence and wrongful death, respectively. For each of the three state law claims, Defendants move for summary judgment on the ground there is no issue of material fact as to liability because Serrano's use of deadly force was objectively reasonable under the circumstances. As the court has discussed, based on the state of the physical evidence and based on the allegations set forth by Plaintiff, the court has concluded that an issue of material fact does exist as to whether Serrano's use of force was reasonable. There is an evidentiary basis upon which a reasonable jury could conclude that Decedent was not advancing toward Serrano and did not pose a threat to his safety. For that reason summary judgment as to Plaintiff's state law claims is not appropriate.

Defendants' argument in their reply brief is also not persuasive. In their reply to Plaintiff's opposition to the motion for summary judgment, Defendants contend that, because Plaintiff's opposition to the motion for summary judgment framed her negligence claim in terms of the actions taken by Serrano leading up to the shooting, Plaintiff's claims are flawed with regard to the negligence claim.

As an initial matter, the court does not agree with Defendant's characterization of Plaintiff's opposition. Plaintiff's opposition is based on her contentions that Defendants actions both before the shooting and at the time of the shooting support a claim for negligence. Plaintiff cites <u>Brown v. Ransweiler</u>, 171 Cal.App.4th 516, 534 (2009) for the proposition that a negligence claim can be based on an officers lack of due care with respect to deciding to use deadly force. Defendants do not respond to this contention other than to characterize the shooting as "objectively reasonable," a characterization the court has found to be not established under the factual allegations of the case. With regard to Plaintiff's allegations regarding Serrao's actions before the shooting, Defendants contend the duty element of Plaintiff's negligence claims deficient because it was unforeseeable that Decedent

10

would have advanced on Serrano with a knife threatening him with bodily harm.  Again, Defendants' argument fails to support their motion for summary judgment because it is precisely what Defendants presuppose – that Decedent advanced on Serrano in a threatening way – that is in dispute.

      The court concludes Defendants have failed to demonstrate that there is no material issue of fact with respect to Plaintiff's state law claims.  Summary judgment will therefore be denied as to those claims.

      THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that:

1. Defendants' motion for summary judgment with regard to Plaintiff's second claim for relief against defendant County of Fresno is hereby GRANTED.
2. Defendants' motion for summary judgment with regard to Plaintiff's first claim for relief is hereby GRANTED only to the extent Plaintiff's first claim for relief states or attempts to state a claim based on the alleged violation of Decedent's rights against unreasonable entry under the Fourth Amendment.
3. Defendants' motion for summary judgment is DENIED in all other respects.

IT IS SO ORDERED.

**Dated:**   **March 30, 2010**                 /s/ **Anthony W. Ishii**
                                                    CHIEF UNITED STATES DISTRICT JUDGE