James D. Weakley, Esq.     Bar No. 082853
Valerie J. Velasco, Esq.   Bar No. 267141

WEAKLEY, ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California 93710
Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, COUNTY OF FRESNO and ERNEST SERRANO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ROSAS AGUILAR, as successor in interest to Sergio Rosas Aguilar; ALICE ROSAS AGUILAR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, CALIFORNIA, a political subdivision of the State of California; ERNEST SERRANO, an individual,<br><br>Defendants. | CASE NO. 1:08-cv-01202-OWW-GSA<br><br>**AMENDED ORDER ON DEFENDANTS, ERNEST SERRANO AND COUNTY OF FRESNO'S MOTIONS IN LIMINE**<br><br>Complaint Filed: August 15, 2008<br>Trial Date: August 24, 2010 |

The motions in limine of Defendants, ERNEST SERRANO and COUNTY OF FRESNO came on for hearing on August 3, 2010.  The following rulings were made:

Motion in Limine No. 1, to preclude improper comments regarding damages was unopposed by the Plaintiff and is granted.

Motion in Limine No. 2, to preclude evidence, argument or comment regarding liability insurance of the defendants was unopposed by the Plaintiff and is granted.

Motion in Limine No. 3, to preclude evidence of indemnification of the defendant officer was unopposed by the Plaintiff and is granted.

Motion in Limine No. 4, to exclude non-party witnesses from the courtroom is granted except that once a witness has testified and there is no possibility of any party recalling that

---

Amended Order on Defendants'
Motions in Limine

1   witness, they may be permitted to remain in the courtroom.

2   Motion in Limine No. 5, to exclude witnesses or documents not previously identified by
3   a party, was unopposed by the Plaintiff and is granted.

4   Motion in Limine No. 6, to preclude the introduction of evidence of any lawsuits or
5   incidents where excessive force was claimed to have been used by any Fresno County Deputy
6   Sheriff is unopposed by the Plaintiff and is granted.

7   Motion in Limine No. 7, to exclude evidence protected by California Penal Code
8   Sections 832.7 -832.8, California Evidence Code Sections 1040 and 1043 as well as any other
9   privilege or right to privacy that any testifying Fresno County Deputy Sheriff may have is
10  granted.  The Plaintiff may use the transcribed interview of ERNEST SERRANO for the
11  limited purpose of impeaching him with a prior inconsistent statement but cannot identify that
12  statement as a part of an Internal Affairs investigation or in any other way make reference to an
13  Internal Affairs investigation.

14  Motion in Limine No. 8, to preclude evidence, argument or comment that the
15  decedent's DNA or fingerprints were not found on the knife is denied.

16  Motion in Limine No. 9, to preclude evidence of hedonic damages is granted.

17  Motion in Limine No. 10 to preclude Plaintiff from recovering funeral and burial
18  expenses not paid by her is denied to the extent that if Plaintiff may lay a foundation that a loan
19  was made to her for such expenses those damages may be recoverable.

20  Motion in Limine No. 11 to preclude testimony that the decedent did not own or carry a
21  knife is denied, subject to the Plaintiff's ability to lay an adequate foundation evidencing that
22  she had sufficient opportunities to observe his actions in this regard.

23  Motion in Limine No. 12 to preclude introduction of graphic autopsy photos that do not
24  assist the jury to understand the injuries that the decedent sustained is granted.

25  Motion in Limine No. 13(A) to preclude Plaintiff from introducing expert witness
26  testimony by persons not properly designated as an expert witness and to limit such testimony
27  to those opinions set forth in their Rule 26 report is granted.

28  Motion in Limine No. 13(B) to preclude Plaintiff's expert from offering testimony that

1 | ERNEST SERRANO created the need for him to resort to the use of deadly force is granted.
2 | **With regard to Pre-Use of Force Tactics, the Court will allow Mr. Clark to discuss**
3 | **training that officers receive generally with regard to when to retreat, take cover or wait**
4 | **for back up to arrive if he knows that such training was provided to Fresno County**
5 | **Sheriff Deputies at the time that Deputy Serrano was trained.**
6 | Motion in Limine No. 13(C) to preclude Plaintiff's expert from offering testimony that
7 | amounts to an opinion as to the credibility of a witness is granted.
8 | Motion in Limine No. 13(D) to preclude Plaintiff's expert from offering legal
9 | conclusions or any opinions as to whether a legal standard has been met by the evidence is
10 | granted.
11 | Motion in Limine No. 13(E) to preclude Plaintiff's expert from offering testimony
12 | ERNEST SERRANO was inadequately trained is granted.
13 | Motion in Limine No. 13(F) to preclude Plaintiff's expert from offering opinions that
14 | were not rendered in his Rule 26 report and deposition is granted.
15 | Motion in Limine No. 13(G) to preclude Plaintiff's expert from referencing or referring
16 | to protected materials that were disclosed to him in lawsuits other than this instant action is
17 | granted.
18 | Motion in Limine No. 13(H) to preclude Plaintiff's expert from offering opinions that
19 | are based on an improper basis, such as speculation, is granted.
20 | Motion in Limine No. 13(I) to preclude Plaintiff's expert from offering testimony that
21 | less intrusive means of subduing the decedent were available to ERNEST SERRANO is
22 | granted.
23 | IT IS SO ORDERED.

Dated:   August 20, 2010

/s/ OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE