LAW OFFICES OF VICKI I. SARMIENTO
A Professional Corporation
VICKI I. SARMIENTO, SBN 134047
333 N. Garfield Avenue
Alhambra, California  91801
vsarmiento@vis-law.com
Telephone:  (626) 308-1171
Facsimile:    (626) 308-1101

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, SBN 144074
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
dalekgalipo@yahoo.com
Telephone: (818) 347-3333
Facsimile:    (818) 347-34118

BRIAN E. CLAYPOOL, SBN 134674
THE CLAYPOOL LAW FIRM
1055 E. Colorado Blvd., 5th Floor
Pasadena, California 91106
becesq@aol.com
Telephone: (626) 240-4616
Facsimile:    (626) 240-4617

Attorneys for Plaintiff ALICE ROSAS AGUILAR

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ROSAS AGUILAR, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, et. al.,<br><br>Defendants. | Case No.: 1:08-cv-01202 OWW-GSA<br>**ORDER FOLLOWING HEARING ON PLAINTIFF'S MOTIONS IN LIMINE**<br><br>Trial Date:  August 24, 2010 |

1

PDF created with pdfFactory trial version www.pdffactory.com

The Court having held a hearing on August 3, 2010, with the participation of counsel for the parties, rules as follows on Plaintiff's motions in limine:

Motion in Limine #1:     To exclude defense experts' testimony regarding suicide by cop

Ruling:                  Granted as to defense expert Joseph Callanan;  reserved as to defense expert Dr. Kris Mohandie pending an evidentiary hearing.

The Court grants the motion as to defense police practice expert Joseph Callanan. The Court finds that there is no evidence that Officer Serrano believed he was dealing with a suicidal individual and did not invoke or consider any of his  training on how to deal with a suicidal individual in his encounter with the decedent.  Moreover, if no special tactics that would be employed in dealing with a suicidal individual entered Officer Serrano's mind or were considered by him, there is no foundation for Mr. Callanan's opinion.  Accordingly, Mr. Callanan's opinions regarding training on suicide by cop, or any testimony by him regarding suicide by cop, would be irrelevant, and if not irrelevant, the prejudicial affect grossly outweighs any probative value.  The Court also finds that there is no foundational support for Mr. Callanan's opinions.

The Court reserves ruling as to defense psychologist Dr. Mohandie.  The Court will hold an evidentiary hearing pursuant to FRE 104 to determine whether Dr. Mohandie will be permitted to testify regarding suicide by cop.   The scope of the testimony at the hearing will be limited to facts mentioned by Officer Serrano in the performance of his duties with regard to his encounter with the decedent, not substance use on other occasions or other unspecified or unknown events in the life of the decedent.   The Court wants to know exactly what hypothetical facts are going to be asked to be assumed because those facts have to be limited to the Court's stated analysis.

2

Order Following Hearing on Plaintiff's Motions in Limine

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| Motion in Limine #2: | To exclude testimony regarding decedent's immigration status and method of payment by his employer |
| Ruling: | Motion is granted as to decedent's immigration status. Motion is granted as to method of payment subject to impeachment if decedent's employer Patrick Thomas testifies. |

The motion is granted as to decedent's immigration status.  The motion is granted as to any testimony regarding the method of payment by his employer.  However, if decedent's employer, Patrick Thomas, testifies to establish decedent's employment or establish that decedent was lawfully on the premises on that night of the incident, he can be impeached by a narrowly framed question calling for a "yes" or "no" response, such as the following :  "Haven't you, in effect, maintained false records for the purpose of avoiding reporting?'  There is to be no mention of Mr. Thomas' invocation of his Fifth Amendment right at his deposition.

| | |
|---|---|
| Motion in Limine #3: | To exclude evidence of decedent's alleged prior alcohol use and alleged drug use by plaintiff |
| Ruling: | Motion is granted as to prior alcohol use by decedent and denied as to drug use by plaintiff. |

The motion to exclude prior alcohol use by decedent is granted.   The motion to exclude drug use by plaintiff is denied.  The Court finds that if there is affirmative reliable evidence that plaintiff's methamphetamine use caused problems in their relationship, this information would be relevant to damages, and any claim regarding loss of comfort and society.

3

Order Following Hearing on Plaintiff's Motions in Limine

PDF created with pdfFactory trial version www.pdffactory.com

Motion in Limine #4:          To exclude evidence of decedent and plaintiff's alleged prior criminal history

Ruling:                       Motion is granted.

The Court finds that decedent's and plaintiff's past criminal histories are not admissible under FRE 608.  There is no evidence of prior felony convictions for decedent or plaintiff.  The Court finds that evidence regarding past criminal history of decedent and plaintiff is more prejudicial than probative.  With respect to using the fact that plaintiff was paying a fine for the DUI to impeach Marie [Sustaita], the Court believes that this can be done without reference to plaintiff's DUI conviction and suggests the following types of questions:  Was your mother paying a fine (without mentioning what it was for)?  Was that a stressor, or was it causing stress?  The Court finds that under FRE 608, outside facts cannot be used to prove a prior inconsistent statement.

The Court orders that there be no reference to the DUI by plaintiff prior to showing the Court a transcript of the conviction for a determination of whether or not this is proper impeachment.

**IT IS SO ORDERED.**

DATED: August 20, 2010          /s/ OLIVER W. WANGER
                                UNITED STATES  DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com