James D. Weakley, Esq.        Bar No. 082853
Valerie J. Velasco, Esq.       Bar No. 267141

WEAKLEY, ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California 93710
Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, COUNTY OF FRESNO and ERNEST SERRANO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ROSAS AGUILAR, as successor in interest to Sergio Rosas Aguilar; ALICE ROSAS AGUILAR, an individual,<br><br>          Plaintiffs,<br><br>     v.<br><br>COUNTY OF FRESNO, CALIFORNIA, a political subdivision of the State of California; ERNEST SERRANO, an individual,<br><br>          Defendants. | CASE NO. 1:08-cv-01202-OWW-GSA<br><br>**ORDER ON DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER AND TO RECONSIDER EVIDENTIARY RULING LIMITING THE TESTIMONY OF CHP OFFICER MARTORANA**<br><br>Complaint Filed: August 15, 2008<br>Trial Date: December 7, 2010 |

The hearing on this matter was heard before The Honorable Oliver W. Wanger in Courtroom 3 of this Court with Brian Claypool appearing on behalf of Plaintiff, ALICE ROSAS AGUILAR and Valerie Velasco and James Weakley appearing on behalf of Defendants, COUNTY OF FRESNO and ERNEST SERRANO. Argument was heard by both parties and the Court finds as follows:

The Court finds that the appropriate standard to modify the Final Pretrial Order is manifest injustice as set forth in Federal Rule of Civil Procedure Rule 16(e) and Defendants did not meet that standard so as to allow for Dr. Kris Mohandie to supplement his previous Rule 26 disclosure to include testimony regarding the physical effects of being involved in a traumatic or high stress situation. Defendants' motion to allow Dr. Mohandie to supplement his Rule 26 report and trial testimony is DENIED.

---

Defendants'Order on Motion to
Modify Scheduling Order and Reconsider Ruling

The Court finds that the Defendants did not demonstrate manifest injustice to allow for the designation of an expert on bullet trajectory analysis and that motion is DENIED. However, the Court finds that any argument of counsel regarding the significance of the location of shell casings at the scene is inappropriate as it lacks foundation and will not be permitted.

The Court finds that the raw data that was gathered by Hector Tello at the scene was available to the parties even though it was not utilized at the trial of this matter. The Court GRANTS Defendants' motion to permit Hector Tello's diagram of the scene and his testimony regarding what he observed and how he took his measurements, however he is not permitted to provide any expert testimony amounting to scene reconstruction.

The Court finds that manifest injustice was not established so as to allow the expert testimony of Ronnie Rackley and Defendants' motion to allow his designation and testimony at trial is DENIED.

The Court finds that Plaintiff's drug use is extremely prejudicial but that it is relevant to the issue of Plaintiff's damages. As such the testimony of Officer Martorana is admissible. However, the limitations imposed were a result of balancing the prejudicial effect of evidence of Plaintiff's drug use against the probative value of that evidence. The Court will not expand upon the limitations imposed at trial, and Defendants' motion for reconsideration of this ruling is DENIED.

IT IS SO ORDERED.

DATED:  November 10, 2010

/s/ OLIVER W. WANGER
United States District Judge

Defendants'Order on Motion to
Modify Scheduling Order and Reconsider Ruling      2